# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

———————————————————— )
)
**IN RE YASMIN AND YAZ (DROSPIRENONE)** )    **3:09-md-02100-DRH-PMF**
**MARKETING, SALES PRACTICES AND** )
**PRODUCTS LIABILITY LITIGATION** )      **MDL No. 2100**
———————————————————— )
)            **ORDER**

<u>**This Document Relates to:**</u>

**O'Bier v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10021-DRH-PMF**

**Pool v. Bayer HealthCare Pharms., Inc.,
et al. No. 3:09-cv-10204-DRH-PMF**

**Sloan v. Bayer HealthCare Pharms., Inc.,
et al. No. 3:10-cv-10121-DRH-PMF**

**Spencer v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10111-DRH-PMF**

**Stephens v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10012-DRH-PMF**

**Underwood v. Bayer HealthCare
Pharms., Inc., et al. No. 3:09-cv-10074-
DRH-PMF**

**Vidaurri v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10008-DRH-PMF**

**Wingard v. Bayer HealthCare Pharms.,
Inc., et al. No. 3:10-cv-10100-DRH-PMF**

————————————————————————————————————————

## <u>ORDER</u>

**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer HealthCare") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims in the above-captioned matters without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[1]  Bayer HealthCare contends that although the Plaintiffs in the above-captioned matters have served PFSs, the PFSs are not substantially complete and are therefore delinquent pursuant to CMO 12.[2]

Under Section E of CMO 12, Plaintiffs were given 14 days from the date of Defendant's motion, in this case 14 days from October 6, 2010, to file a response either certifying that they served upon Defendants and Defendants received a completed PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.

To date, none of the Plaintiffs in the above-captioned member actions has filed a response to Bayer HealthCare's motion to dismiss pursuant to CMO 12.  Because Plaintiffs have failed to respond, in any way, to Bayer HealthCare's allegations that the submitted PFSs are not substantially complete, the Court

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, whichever is later."

[2] For example, Bayer HealthCare states that none of the Plaintiffs in the above-captioned member actions has submitted all required authorizations.  Other examples include failure to sign the PFS declaration, failure to provide responsive and substantially complete answers to questions regarding personal and family medical history.

finds that Plaintiffs in the above-captioned member actions have failed to comply with the requirements of CMO 12.

Accordingly, the Court hereby **Orders** as follows:

The above-captioned member actions are **dismissed without prejudice** for failure to comply with the requirements of CMO 12.

**Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a completed PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

**SO ORDERED**

David R. Herndon
2010.10.29 08:55:03
-05'00'

**Chief Judge**                                    **Date: October 29, 2010**
**United States District Court**